UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANDREW MOORE<br><br>        Plaintiff,<br><br>        v.<br><br>LEAR CORPORATION<br><br>        Defendant. | CAUSE NO.: 1:22-CV-108 HAB |

**OPINION AND ORDER**

After Defendant Lear Corporation ("Lear") moved for summary judgment, Plaintiff, Andrew Moore ("Moore"), determined that he "would no longer proceed further with his claims" and moved for voluntary dismissal under Fed. R. Civ. P. 41(a)(2). (ECF No. 39).[1] Lear objected, not to the request for dismissal, but to whether the dismissal is with or without prejudice and seeks to recover its costs in defending the action. (ECF No. 40). Because the Court finds that it is appropriate to dismiss the case *with prejudice* and that necessarily permits an award of costs under Fed.R.Civ.P. 54(d), the motion to voluntarily dismiss will be granted with prejudice with costs awarded to Lear. But given the new terms imposed by the Court, the Plaintiff has until November 3, 2023, to withdraw his motion for voluntary dismissal or accept the conditions placed on the dismissal by the Court.

**DISCUSSION**

The court has the discretion to allow a plaintiff to voluntarily dismiss a case without prejudice under Rule 41(a)(2). *See Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 177 (7th Cir.

---

[1] Plaintiff did respond to the Motion for Summary Judgment by indicating that Plaintiff would not be proceeding with his claims. (ECF No. 38).

1994). Rule 41(a)(2) provides that "an action be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In determining whether voluntary dismissal under Rule 41(a)(2) is appropriate, the court looks to whether the defendant would suffer "plain legal prejudice." *Wojtas v. Cap. Guardian Tr. Co.,* 477 F.3d 924, 927 (7th Cir. 2007). The court considers these factors: "[t]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Kunz v. DeFelice*, 538 F.3d 667, 677–78 (7th Cir. 2008) (internal quotation marks and citation omitted).

Lear expresses frustration and believes the Plaintiff has engaged in gamesmanship. Lear argues that Plaintiff did not move to dismiss his case after his deposition on May 8, 2023, despite counsel's assertion that he "had a discussion regarding the problems and issues raised during Plaintiff's deposition." (ECF No. 39. ¶ 3). Plaintiff's counsel asserts that these issues were highlighted in the Defendant's summary judgment motion and further discussions were held with Plaintiff, including the likelihood that Plaintiff would not prevail at summary judgment. (*Id.* ¶ 4.) That said, Plaintiff did not move for dismissal until August 18, 2023, 6 weeks after Lear expended time and expense to move for summary judgment and 3 weeks after he responded to Lear's motion indicating that he was not defending against the motion.

Plaintiff responds that no gamesmanship was at play. Plaintiff's counsel represents that he engaged in settlement discussions with Lear's counsel. But he states that he represents three clients, all of whom were forklift drivers at Lear, and they all have separately sued Lear. Lear's settlement position was that it would agree to dismissal of all three cases in exchange for a waiver of costs. After discussion with his clients, Plaintiff's counsel made a "mutual walkaway" offer on

2

two of the cases to Lear. Plaintiff's counsel then indicates that Defendant refused that offer without including the third client's case in the dismissal. Plaintiff had ethical concerns with this approach and could not accept Defendant's counteroffer because his third client was unwilling to agree to a voluntary dismissal. (ECF No. 43).[2]

Settlement is often fluid, with developments arising at various stages of litigation. The Court sympathizes that initiating settlement requires client authority and often that authority does not come as timely as counsel would like. But delay has consequences, especially when one side puts the other side to significant time and expense. That happened here.

Troubling to the Court is the timing of the motion to voluntarily dismiss, not the way the settlement process unfolded. Plaintiff's counsel admits that after Plaintiff's deposition in May 2023 there were substantive discussion between Plaintiff's counsel and Plaintiff about the viability of the case. Yet, even with those concerns, Plaintiff's counsel knew that a summary judgment was forthcoming on June 30, 2023. That deadline should have created some urgency for Plaintiff for the very reason the Court is ruling today. From the parties' filings, Plaintiff's counsel did not even discuss voluntary dismissal with Lear's counsel until July 28 – well after summary judgment was filed. Thus, Plaintiff put Lear to the extra time associated with a summary judgment motion when it knew in May 2023 that there were significant issues with prevailing on such a motion.

That said, Lear does not object to the voluntary dismissal itself, but it asks that the dismissal be with prejudice. Plaintiff's motion does not specify whether he is seeking a dismissal with or without prejudice, but the Court finds that Plaintiff's delay is significant here and favors dismissal with prejudice. The case has been through full discovery and a summary judgment motion has

---

[2] The parties filed two additional briefs, (ECF Nos 44-1, 46) in which they trade jabs about who did what when, and whether certain actions by counsel were ethical. This Court is not engaging with the parties in this back and forth.

been filed and, if not conceded, it is unopposed. (ECF No. 38).[3] Defendant suffers no plain legal prejudice in dismissing the case because dismissal with prejudice operates as "a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (quoting *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964)). Indeed, dismissal with prejudice is a final adjudication on the merits; thus, "defendant receives all that [it] would have received had the case been completed." *Id.*; *Nemaizer v. Baker,* 793 F.2d 58, 60 (2d Cir. 1986). Thus, the Court intends to enter a dismissal with prejudice.

That leads the Court to Lear's request that it be awarded costs. That request is premature but, "[b]ecause a dismissal with prejudice is tantamount to a judgment on the merits, the defendant ... is clearly the prevailing party and should ordinarily be entitled to costs." *Schwarz,* 767 F.2d at 129; *see also* Fed. R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs ... should be allowed to the prevailing party."). Since the Court intends to dismiss the case with prejudice, that is enough to confer prevailing party status on Defendant. *See Dekalb Genetics Corp. v. Pioneer Hi-Bred Int'l*, 2002 WL 1308651, at *1 (N.D. Ill. June 13, 2022) ("As the relatively scarce authority nearly unanimously indicates, such a voluntary dismissal with prejudice had the effect of conferring on [defendant] 'prevailing party' status under Rule 54(d)"). Accordingly, Lear, as a prevailing party. may move for an award of costs under the procedures in Rule 54(d). *Wiseman v. Tastefully Better*, 2023 WL 3200229, at *7 (N.D. Ill. May 2, 2023).

When a party moves under Rule 41(a)(2) to voluntarily dismiss and the court grants the motion but places additional terms or conditions on the motion that were not contained in the moving party's motion, the party has the right to withdraw its motion and proceed with the case.

---

[3] The Court notes that if the Court ruled in favor of the Defendant on summary judgment, the same relief would be imposed by the Court since Defendant would, again, be considered a prevailing party.

*August Storck KG v. Nabisco, Inc.*, 1996 WL 634116, at *5 (N.D. Ill. Oct. 30, 1996) ("However, 'a plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion' but with additional terms.") (*citing Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994)). Courts uniformly allow plaintiffs to withdraw a motion to voluntarily dismiss without prejudice after a court grants the motion but conditions the dismissal upon additional terms. *See Madison St. Properties, LLC v. Marcus Corp.,* 2023 WL 2915620, at *2 (N.D. Ill. Apr. 12, 2023) ("There is a reason the process is called a *voluntary* dismissal. The party must agree to the dismissal under the terms it accepts. If the Court changes the terms of the dismissal, the party must be allowed to accept the terms or withdraw the motion."); *Song v. Rom*, 2017 WL 553237 (N.D. Ohio Feb. 10, 2017) ("In addition, if a court does decide to condition voluntary dismissal without prejudice upon the payment of defense costs, 'a notice to the [plaintiff] of the court's intent to do so is required ... because a plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion' but with additional terms."); *In re Ohio Execution Protocol Litig.*, 2015 WL 7758893, at *1 (S.D. Ohio Dec. 2, 2015) ("A plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) 'must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion' but with additional terms."). Plaintiff will be given time to determine whether he wishes to accept the extra terms imposed by the Court or withdraw his motion for voluntary dismissal and proceed with the case.[4]

---

[4] In its objection to the motion for voluntary dismissal, Lear does not appear to seek attorney fees. If it was requesting fees, that request would likely be denied since the Court is dismissing the action *with* prejudice. *See Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) ("[f]ees are not awarded when a plaintiff obtains dismissal with prejudice because the defendant cannot be made to defend again.").

## CONCLUSION

For these reasons, the Court GRANTS the Motion for Voluntary Dismissal (ECF No. 39) WITH PREJUDICE and with costs awarded in favor of Defendants as provided for by Federal Rule of Civil Procedure 54(d). By November 3, 2023, Plaintiff is to notify the Court if he intends to move to withdraw the motion for voluntary dismissal or accept the conditions imposed by the Court. Once the Court receives Plaintiff's filing it will determine whether a final judgment should be entered pursuant to the Federal Rules of Civil Procedure.

SO ORDERED on October 23, 2023.

                                            s/ *Holly A. Brady*
                                            CHIEF JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT